IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

BENJAMIN WOODS and MELANIE M. WOODS,
husband and wife,

    Plaintiffs,

v.                              Civil Action No. 5:14CV34
                                             (STAMP)
NATIONWIDE INSURANCE COMPANY,

    Defendant.

**MEMORANDUM OPINION AND ORDER
DENYING MOTION TO REMAND**

        I.    Procedural History

The plaintiffs, Benjamin Woods and Melanie Woods, originally filed this action in the Circuit Court of Hancock County, West Virginia on December 31, 2013. The plaintiffs filed an amended complaint on January 3, 2014. The Woods allege that they are entitled to recover damages from the defendant, Nationwide Insurance Company ("Nationwide"), under their car insurance policy with the defendant that included uninsured motorist coverage. The plaintiffs further allege that on February 24, 2012, Benjamin Woods was seriously injured in a head-on collision with an uninsured motorist, Sidney D. Cumpston ("Cumpston"), and that Cumpston was at fault for the accident. The plaintiffs make three claims: general damages for uninsured motorist benefits, first party bad faith, and loss of spousal consortium.

The defendant thereafter filed a motion to dismiss which was fully briefed in the state court but not decided. In the motion to

dismiss, the defendant argued that the plaintiffs' claim for uninsured motorist benefits should be dismissed because the plaintiffs had not complied with West Virginia law. The defendant asserted that West Virginia law holds that in order to be entitled to uninsured motorist damages, a plaintiff must first seek recovery from the tortfeasor. That motion has now been withdrawn as the plaintiffs cured this oversight by filing a separate action against the tortfeasor, Cumpston and his estate, on February 24, 2014 in the Court of Common Pleas of Washington County, Pennsylvania.[1] The defendant then removed the action to this Court on March 14, 2014. The plaintiffs' motion to remand followed.

In its notice of removal, the defendant argues that removal is properly based on diversity jurisdiction. The defendant contends that removal was not proper when the complaint was initially filed because the damages that were being sought by the plaintiffs would not have met the $75,000.00 threshold required to bring an action under the umbrella of federal jurisdiction. The defendant asserts that this was so because the plaintiffs had not filed an action against the tortfeasor, Cumpston. Thus, the defendant argues, the plaintiffs were not entitled to any direct damages because the plaintiffs' uninsured motorist policy was not properly at issue and its $100,000.00 policy limit could not be used to compute possible

---

[1]The Court notes that the plaintiffs added Cumpston's estate as a party on February 27, 2014.

damages.  As such, the defendant contends that it rightfully removed after February 24, 2014, the date the plaintiffs brought suit against Cumpston, because the amount in controversy then, and only then, met the $75,000.00 threshold for diversity jurisdiction.  Thus, the defendant asserts that it removed within 30 days of notice that the requirements for diversity jurisdiction had been met.

The plaintiffs argue in their motion to remand that the defendant was aware that there was diversity and the amount in controversy exceeded $75,000.00, exclusive of interest and costs, from the time the plaintiffs served their amended complaint on January 3, 2014, if not from the date of Benjamin Woods' accident on February 24, 2012.  The plaintiffs argue that they had made the defendant aware that they were claiming damages for the uninsured motorists policy which is a claim of $100,000.00 since at least May 8, 2013, and have provided letters from plaintiffs' counsel to support this assertion.  Accordingly, the plaintiffs contend that the defendant's notice of removal on March 14, 2014 was untimely as it was filed more than 30 days after January 3, 2014, the date the plaintiffs filed in state court against the defendant, which is the latest date that the defendant was on notice that the amount in controversy exceeded $75,000.00, exclusive of interests and costs.

In its response, the defendant makes the same argument as in its notice of removal, that it did timely file because the

plaintiffs did not bring suit against Cumpston until February 24, 2014.  Further, the defendant asserts that it did not have to file until after the Cumpston suit was filed in Pennsylvania because under West Virginia law, the insured must establish that the tortfeasor is liable in order for the insured to be eligible for uninsured motorists damages.  Thus, the plaintiffs had no true claim to the uninsured motorists damages until filing against Cumpston's estate.  Finally, the defendant asserts that it did not receive notice of the Cumpston action until March 3, 2014, when it received the plaintiffs' second motion to amend the complaint from the Cumpston action proceedings.  ECF No. 1, Ex. B.

The plaintiffs reiterate their earlier arguments in their reply.  The motion to remand is now fully briefed and ripe for decision.  For the reasons that follow, this Court finds that the motion to remand must be denied.

## II.  Applicable Law

A defendant may remove a case from state court to federal court in instances where the federal court is able to exercise original jurisdiction over the matter.  28 U.S.C. § 1441.  Federal courts have original jurisdiction over primarily two types of cases: (1) those involving federal questions under 28 U.S.C. § 1331, and (2) those involving citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interests and costs pursuant to 28 U.S.C. § 1332(a).  Pursuant to

4

28 U.S.C. §§ 1446(b)(1) & (3), removal of a civil action is timely only if it is filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . ." or, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." With regard to cases removed pursuant to 28 U.S.C. § 1332, "[i]f the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed [the jurisdictional amount], information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an 'other paper' under subsection (b)(3)." 28 U.S.C. § 1446(c)(3)(A).

The party seeking removal bears the burden of establishing federal jurisdiction. See Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction is strictly construed, and if federal jurisdiction is doubtful, the federal court must remand. Id. Although courts strictly construe the statute granting removal jurisdiction, Doe v. Allied Signal, Inc., 985 F.2d 908, 911 (7th Cir. 1993), the court is not required "to leave common sense behind" when determining the amount in controversy. Mullens v. Harry's Mobile Homes, 861 F. Supp. 22, 24

(S.D. W. Va. 1994). When the amount in controversy is not apparent on the face of the plaintiff's complaint, the federal court must attempt to ascertain the amount in controversy by considering the plaintiff's cause of action as alleged in the complaint and any amendments thereto, the notice of removal filed with a federal court, and other relevant materials in the record. 14C Charles Allen Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 3725 at 73 (3d ed. 1998). However, the court is limited to examining only evidence that was available at the moment the petition for removal was filed. <u>Chase v. Shop 'N Save Warehouse Foods</u>, 110 F.3d 424, 428 (7th Cir. 1997).

### III. <u>Discussion</u>

The defendant asserts that the amount in controversy did not exceed $75,000.00 until after the plaintiffs brought suit against Cumpston on February 24, 2014, and thus successfully cured their defect as to the uninsured motorist claim. As such, by filing a notice of removal on March 14, 2014, the defendant argues it was within the 30-day removal period pursuant to 28 U.S.C. §§ 1446(b)(3). On the other hand, the plaintiffs contend that the defendant was aware that the plaintiffs were making the uninsured motorist claim from at least the beginning of January 2014 when they filed their amended complaint.

The burden of establishing that the amount in controversy exceeds $75,000.00 rests with the party seeking removal. <u>Mulcahey</u>,

29 F.3d at 151. This Court has consistently applied the "preponderance of evidence" standard to determine whether a defendant has met its burden of proving the amount in controversy. When no specific amount of damages is set forth in the complaint, the defendant bears the burden of proving that the claim meets the requisite jurisdictional amount. Mullins, 861 F. Supp. at 23.

It is unclear based on the face of the amended complaint the amount of damages the plaintiffs are seeking because a sum certain is not stated. However, the plaintiffs argue that they made clear to the defendant that they were seeking the full amount of the uninsured motorist policy which was $100,000.00 at the time of filing the complaint, if not earlier. Cumpston, however, who is not at this time a party to this action, had not been sued by the plaintiffs until February 24, 2014. Further, the defendant had not received formal notice of this until March 3, 2014, which is supported by Exhibit B of the defendant's notice of removal.

The defendant has acknowledged, through its motion to withdraw the motion to dismiss, that the plaintiffs cured the defect in their complaint pursuant to West Virginia precedent by instituting the action against Cumpston and his estate. This same acknowledgment allows the Court to deny remand because the same West Virginia precedent provided the starting point for the 30-day time period applicable to removal.

Under West Virginia case law, a plaintiff may sue his/her own uninsured motorist insurance carrier (1) if "the plaintiff first sues the tortfeasor . . . [(2)] after settling with the tortfeasor's liability carrier if the settlement was for the full policy limits and the uninsured/underinsured carrier waived its right of subrogation against the tortfeasor," or (3) the plaintiff secures a judgment from the tortfeasor. Harman v. State Farm Mut. Auto. Ins. Co., 434 S.E.2d 391, 394 (1993) (citation omitted); Postlethwait v. Old Boston Colony Insurance Co., 432 S.E.2d 802, at Syl. pts. 2, 4 (W. Va. 1993). In this case, the plaintiffs only fulfilled the first of the three possible prerequisites when they brought suit against Cumpston and his estate on February 24, 2014. Knowing this law, the defendant did not file a notice of removal until it was noticed of the Cumpston action in Pennsylvania which then brought into play the $100,000.00 uninsured motorist policy. As such, this is an instance where the claims in "the initial pleading [were] not removable, [and] a notice of removal [was] filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Thus, this case cannot be remanded because the defendant did in fact remove within the 30-day time period which started to accrue on February 24, 2014, at the earliest (when the

plaintiffs filed suit) and March 3, 2014, at the latest (when the defendant received the notice).

Accordingly, the defendant has shown that it is more likely than not that the amount in controversy did not exceed $75,000.00, exclusive of interest and costs, until after the dates listed above. The plaintiffs' motion to remand must be denied.

IV. Conclusion

Based on the analysis above, the plaintiffs' motion to remand is DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED: April 25, 2014

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE